
FILED
MAR 1 0 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 5:05-CV-166-BO(1) |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| UNITED RENTAL HOMES, LLC; GERARD N. JOINER d/b/a UNITED RENTAL HOMES; and CANDICE A. JOINER d/b/a UNITED RENTAL HOMES. | ) ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to employees who were adversely affected by the practices. Specifically, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants United Rental Homes, LLC; Gerard N. Joiner d/b/a United Rental Homes; and Candice A. Joiner d/b/a United Rental Homes (collectively "Defendants") subjected Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees to a sexually hostile work environment. The Commission further alleges that Defendants constructively discharged Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees as a result of the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed in part within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Upon information and belief, at all relevant times, United Rental Homes, LLC has continuously been doing business in the State of North Carolina and the City of Raleigh and has continuously had at least fifteen employees.

5. Upon information and belief, at all relevant times, Defendant United Rental Homes, LLC has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Gerard N. Joiner has conducted business under the name "United Rental Homes" and as such has done business in the State of North Carolina and the City of Raleigh, and has continuously had at least fifteen employees.

2

7. At all relevant times, Defendant Gerard N. Joiner d/b/a United Rental Homes has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant Candice A. Joiner has conducted business under the name "United Rental Homes" and as such has done business in the State of North Carolina and the City of Raleigh, and has continuously had at least fifteen employees.

9. At all relevant times, Defendant Candice A. Joiner d/b/a United Rental Homes has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

10. More than thirty days prior to the institution of this lawsuit, Tara L. Jacobs and Jamie Taylor filed charges with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. From at least July 2003, and possibly earlier, Defendants engaged in unlawful employment practices at their offices in Raleigh, North Carolina and other locations, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

   a. Defendants subjected Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees to sexual harassment and a sexually hostile work environment based on their sex, female. The harassment included, but was not limited to, unwelcome sexual advances, comments and touching by United Rental Homes' male owner, who was in direct authority over Ms. Jacobs, Ms. Taylor, and the other similarly situated female employees affected by the harassment.

   b. Defendants constructively discharged Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees by maintaining a sexually hostile work environment and by persistently failing to take appropriate action to stop the harassment.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

13. The unlawful employment practices complained of in paragraph 11 above were intentional.

14. The unlawful employment practices complained of in paragraph 11 above were done with malice or with reckless indifference to the federally protected rights of Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from sexual harassment or any other employment practice that discriminates on the basis of sex and from retaliating against employees who oppose unlawful discrimination or participate in an investigation of unlawful discrimination.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement.

D.  Order Defendants to make whole Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11 above, including but not limited to medical expenses, in amounts to be determined at trial.

E.  Order Defendants to make whole Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 11 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.  Order Defendants to pay Tara L. Jacobs, Jamie Taylor, and other similarly situated female employees punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 9th day of March 2005.